UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT NICHOLAS** | **CASE NO. 6:22-CV-04645** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONAL GENERAL INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 19] filed by defendant National General Insurance Company ("NGIC"), seeking dismissal of plaintiff's claims. Plaintiff has filed a notice of no opposition to the motion. Doc. 23.

### I.
#### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Lafayette, Louisiana, in Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which made landfall on October 9, 2020. At all relevant times, plaintiff alleged, the home was insured under a policy issued by NGIC. Doc. 1. Plaintiff further alleged that NGIC failed to timely or adequately compensate him for covered losses and filed suit in this court on August 25, 2022, raising claims for breach of insurance contract and bad faith. *Id.*

At the time he filed suit plaintiff was represented by counsel from McClenny, Moseley & Associates PLLC ("MMA"). The court stayed plaintiff's suit, along with hundreds of others filed by MMA in the week leading up to the Hurricane Laura filing deadline, out of concern for the numerous irregularities in those suits. Doc. 4. New counsel

was substituted for plaintiff on August 5, 2023, following the suspension of all MMA attorneys in this district, and the stay was lifted. Doc. 16. NGIC then filed this motion for summary judgment, asserting that it did not issue a policy to plaintiff for the time period covering either Hurricane Laura or Delta's impact (one of the irregularities noted in several MMA suits). Doc. 19. Plaintiff has filed a Notice of No Opposition. Doc. 23. He also informs the court that his insurer at the time was State National Fire Insurance Company. *See* doc. 24.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

NGIC shows, and plaintiff agrees, that it did not issue a policy to plaintiff covering the alleged dates of loss. Doc. 19, att. 3 (affidavit). Accordingly, there is no basis for holding it liable for plaintiff's claims of breach of contract or bad faith. The correct defendant is instead State National Fire Insurance Company, which has not been made a party to the suit. All claims in this matter are thus subject to dismissal.

### IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 19] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 25th day of October, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE